IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JAMAR HOLT,

    Plaintiff,

v.                                                       CIVIL ACTION NO.: 3:19-CV-181
                                                          (GROH)

FRED ENTZEL,
ERIC HOWELL,
JOHN DOE #1, known as Acting Warden
Keyes,
JOHN DOE #2, known as Acting Captain J.
Squires, and
JOHN DOE #3, known as Lieutenant
Rodriguez,

    Defendants.

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**I.    INTRODUCTION**

On October 24, 2019, the *pro se* Plaintiff, an inmate[1] at Gilmer FCI in Glenville, West Virginia, filed the above-styled civil rights action pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  ECF No. 1.[2]  On January 26, 2021, Plaintiff filed a motion to request the Court "intervene via injunctive relief."  ECF No. 18.  On February 16, 2021, Plaintiff filed a motion which included a request for preliminary injunctive relief or issuance of a writ of mandamus.  ECF No. 19.

---

    [1] According to the Bureau of Prisons' Inmate Locator system, Plaintiff's projected release date is September 7, 2029.

    [2] All ECF number cited herein are in 3:19-CV-181, unless otherwise noted.

The motion asserts Plaintiff has been denied access to the courts by preventing him from accessing the prison law library, his legal work product, and access to fellow inmates to help him with his filings. Id. at 1. Plaintiff further alleges that this denial of access to the courts has deprived him of the "ability to present valid claims and filings in this matter and in [his] criminal matter." Id. For relief, Plaintiff asks for injunctive relief to prevent further harm. Id. at 2.

## II. LEGAL STANDARD

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction[3] under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018).

The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of

---

[3] Although Plaintiff's motion for relief is styled as a motion for injunctive relief, the relief Plaintiff seeks appears to be more properly considered as a preliminary injunction.

>preliminary relief, (3) the balance of equities tips in her favor,
>and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)).  This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.  See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d  808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### III.   ANALYSIS

In regard to Plaintiff's motion for injunctive relief, it appears Plaintiff cannot meet the four-part Winter test for issuance of a preliminary injunction.  First, Plaintiff has not shown he is likely to succeed on the merits in regard to his claim.  "To state a claim for relief in an action brought under § 1983,[4] [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).  See Thomas v. The Salvation Army Southern Territory, 841 F.3d 632, 637 (2016).  Plaintiff claims that for more than ten months prison officials have denied him access to the courts by preventing him from accessing

---

[4] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

3

the prison law library, his legal work product and access to fellow inmates who could assist him with legal filings.  However, Plaintiff has not established that he has an actual injury as a result of any alleged denial of access to the courts.  "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'"  O'Dell v. Netherland, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis v. Casey,* 518 U.S. 343, 355 – 356, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)).  Plaintiff has not demonstrated that he has suffered any actual injury from the alleged denial of access to the courts.  Rather, the record demonstrates that after filing a Bivens complaint [ECF No. 1], Plaintiff filed the court-approved form for an FTCA complaint [ECF No. 14].

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief.  Plaintiff's broad claim is that prison officials denied him access to the courts because from approximately March 2020 through at least January 2021, because the institution limited prisoner's access to the law library and to one another.  The Court notes that in attempt to mitigate the spread of COVID-19, the Bureau of Prisons (BOP) has modified its operations in response to the pandemic. According to the BOP website:

> BOP has implemented modified operations to maximize social distancing in our facilities, as much as practicable. To that end, inmates are limited in their movements to prevent congregate gathering and maximize social distancing. Essential inmate work details, such as Food Service, continue to operate with appropriate screening. Inmate movement in small numbers is authorized for the following purposes:

4

      1.      Commissary

      2.      Laundry

      3.      Showers three times each week

      4.      Telephone, to include legal calls, and access to TRULINCs

https://www.bop.gov/coronavirus/covid19_status.jsp.

Plaintiff has not alleged that he has suffered any injury as a result of his alleged denial of access to the courts. Nor has Plaintiff submitted any documents to support a claim that he has suffered an injury. Plaintiff here has failed to demonstrate that he has incurred any injury, or that he is likely to suffer irreparable harm in the absence of injunctive relief.

Third, Plaintiff has failed to show that the balance of equities tips in his favor. Despite his claims, Plaintiff has not demonstrated that he suffered any injury by the alleged violations of his constitutional rights. Without such an injury, plaintiff cannot demonstrate that he is entitled to relief.

Fourth, Plaintiff has not demonstrated that an injunction is in the public interest. Plaintiff has raised no specific grounds which concern the public interest. Accordingly, Plaintiff has not demonstrated that the public interest requires the injunction he seeks.

As to the request for injunctive relief or the issuance of a writ of mandamus contained in his motion filed on February 16, 2021 [ECF No. 19], Plaintiff does not meet the four-part <u>Winter</u> test for issuance of an injunction. The sum of Plaintiff's assertions as to prongs one and two of the test is that he "is likely to succeed on the merits", and "has already suffered irreparable harm and will continue to do so." ECF No. 19 at 3 – 4.

Plaintiff does not explain, even in summary fashion, how he meets either of those prongs of the Winter test. Further, Plaintiff fails to address either the third or fourth prongs of the test.

Because Plaintiff is unable to meet any of the four parts of the Winter test for issuance of an injunction in relation to his motions [ECF Nos. 18, 19] for injunctive relief, the same is not merited. Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## IV.   RECOMMENDATION

For the foregoing reasons, notably that the Plaintiff fails to meet the four-part test for issuance of a preliminary injunction, the Court **RECOMMENDS** that Plaintiff's Motion seeking a preliminary injunction [ECF No. 18] be **DENIED**.

For the same reasons, the Court further **RECOMMENDS** that Plaintiff's motion seeking preliminary injunctive relief contained in ECF No. 19 be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   April 15, 2021

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE