Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
MAY 18 2021
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

Jamar Holt
_____

_____

*Your full name*

v.

Fred Entzel in his personal and official

capacity; Eric Howell in his personal

and official capacity; JOHN DOE #1

(Known as Acting Warden Keyes) (cont'd on attached)
*Enter above the full name of defendant(s) in this action*

**FEDERAL CIVIL RIGHTS
COMPLAINT
(*BIVENS* ACTION)**

Civil Action No.: 3:19cv181
*(To be assigned by the Clerk of Court)*

I.    JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of
Federal Bureau of Narcotics, 403 U.S. 388 (1971)**. The Court has jurisdiction over
this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

II.    PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing
address in the space provided.*

A.    Name of Plaintiff: Jamar Holt          Inmate No.: 41094-037
Address: FCI Gilmer PO Box 6000 Glenville, WV 26351

*In Item B below, place the full name of each defendant, his or her official position, place of
employment, and address in the space provided.*

Attachment A

B.    Name of Defendant: Fred Entzel

Position: Warden

Place of Employment: FCI Hazelton

Address: 1640 Skyview Dr. Bruceton Mills, WV 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," briefly explain: Entzel is the top executive at the FBOP FCI Hazelton

B.1    Name of Defendant: Eric Howell

Position: Captain

Place of Employment: FCI Hazelton

Address: 1640 Skyview Dr Bruceton Mills, WV 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," briefly explain: Howell is the Captain at FCI Hazelton

B.2    Name of Defendant: JOHN DOE #1 (Known as Acting Warden Keyes)

Position: Acting Warden

Place of Employment: FCI Hazelton

Address: 1640 Skyview Dr. Bruceton Mills, WV 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes    ☐ No

**Attachment A**

If your answer is "YES," briefly explain: Keyes is the Acting Warden at FCI Hazelton

B.3    Name of Defendant: JOHN DOE #2 (Known as Acting Captain J. Squires)
Position: Acting Captain
Place of Employment: FCI Hazelton
Address: 1640 Skyview Dr. Bruceton Mills, WV 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes         ☐ No

If your answer is "YES," briefly explain: J. Squires is the Acting Captain at FCI Hazelton

B.4    Name of Defendant: JOHN DOE #3 (Known as Lieutenant Rodriguez)
Position: SHU Operations Lt.
Place of Employment: FCI Hazelton
Address: 1640 Skyview Dr. Bruceton Mills, WV 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes         ☐ No

If your answer is "YES," briefly explain: Rodriguez is the Lt. for SHU at FCI Hazelton

Attachment A

B.5    Name of Defendant: _N/A_____
       Position: _____
       Place of Employment: _____
       Address: _____
       _____

       Was this Defendant acting under the authority or color of federal state
       law at the time these claims occurred?    □ Yes         □ No

       If your answer is "YES," briefly explain: _____
       _____
       _____
       _____
       _____

## III.    PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution:  _FCI Gilmer_____

A.    Is this where the events concerning your complaint took place?
      □ Yes       ☒ No

      If you answered "NO," where did the events occur?
      _FCI Hazelton in Bruceton Mills, WV._____

B.    Is there a prisoner grievance procedure in the institution
      where the events occurred?      ☒ Yes       □ No

C.    Did you file a grievance concerning the facts relating to this complaint in the
      prisoner grievance procedure?
      □ Yes       ☒ No

D.    If your answer is "NO," explain why not: _As detailed within this Complaint,_
      _the Defendants prevented me from filing administrative grievances._
      _____
      _____

E.    If your answer is "YES," identify the administrative grievance procedure
      number(s) in which the claims raised in this complaint were addressed

Attachment A

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 _N/A  All requests for forms were denied_

LEVEL 2 _____

LEVEL 3 _____

IV.    PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

    A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?        □ Yes        ☒ No

    B.    If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

        1.    Parties to this previous lawsuit:
                        N/A
            Plaintiff(s):_____

            Defendant(s):_____

        2.    Court: _____
            *(If federal court, name the district; if state court, name the county)*

        3.    Case Number:_____

        4.    Basic Claim Made/Issues Raised: _____

                _____

                _____

                _____

        5.    Name of Judge(s) to whom case was assigned:

                _____

        6.    Disposition: _____
            *(For example, was the case dismissed?  Appealed?  Pending?)*

        7.    Approximate date of filing  lawsuit:_____

8.     Approximate date of disposition. Attach Copies:_____

C.     Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?

        ☐ Yes     ☒ No

D.     If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.

     N/A

E.     Did you exhaust available administrative remedies?

        ☐ Yes     ☒ No

F.     If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.

     N/A

G.     If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.     Parties to previous lawsuit:

     N/A

**Attachment A**

Plaintiff(s): _____

Defendant(s): _____

2.    Name and location of court and case number:

_____

_____

_____

3.    Grounds for dismissal:    □ frivolous    □ malicious
□ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: _____

5.    Approximate date of disposition: _____

## V.    STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case.  Describe what each defendant did to violate your constitutional rights.  **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES.  NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1: Violation of Fifth Amendment (Defs. Entzel, Howell, Keyes, Rodriguez)
Defendants violated 28 CFR §§ 541.23 and 541.25 by confining Holt to the SHU for two-months without clearly articulated objective evidence that he posed a threat to life, property, self, staff, other inmates, the public, or to the security of the orderly running (cont's on attached).

Supporting Facts: In April 2019, I filed an administrative remedy regarding

**Attachment A**

an improper encumberance of my trust fund account. The administration of FCI ignored my request for relief. I emailed Entzel regarding a status of my BP-9 and advised that I would be filing a BP-10. One week later, I was thrown in the SHU. (cont'd on attached)

CLAIM 2: Violation of Eighth Amendment (Defs. Squires, Rodriguez). Defendants violatred 28 CFR §§ 541.20(a); 541.31; and 541.22. Their conduct subjected Holt to certain deprivations that were not part of, nor contemplated by his sentence issued by the Dist. Ct. of Md. The conditions forced on Holt by Defendants, were not reasonably (cont'd on attached)

Supporting Facts: The conditions of confinement in the FCI SHU were truly inhumane. 28 CFR § 541.20(a) requires inmates to be "housed in the least restrictive setting necessary", and mandates that "living conditions for inmates...will meet or exceed applicable standards." (cont'd on attached)

CLAIM 3: Obstruction of Meaningful Court Access-Federal Law Violation (Defs. Howell, Keyes, Squires, Rodriguez). Defendants intentionally prevented Holt from accessing state, federal , and his own legal materials. Their conduct violated 28 CFR §§ 543.11(c), (1); 541.31(j); FBOP P.S. § 1315.07 (10); and 28 U.S.C. § 1654. (Cont'd on attached)

Supporting Facts: On or about April 26, 2019, after Holt was thrown in the SHU, all of his personal property—including his legal material, was collected by FCI staff. He was denied access to his property and legal materials during his two month SHU confinement. (cont'd on attached).

CLAIM 4: Violation of Fifth Amendment (Defs. Howell, Keyes, Squires, Rodriguez). Defendants intentionally deprived Holt of his property right to litigate pursuant to the United States Constitution, Amendment V. Defendants violated 28 CFR §§ 541.31(1); 541.31(j); 543.11(a), (i); FBOP P.S. § 1315.07(10); and 28 U.S.C. § 1654 (cont'd on attached).

Supporting Facts: Paragraphs 24 to 26 are incorporated by reference as if fully set forth herein.

**Attachment A**

CLAIM 5:Retaliation (Defs. Howell, Entzel, Squires). Within one week of Holt's email to Entzel, he was thrown in the SHU. Defendants kept Holt confined for two-months, refused to provide him with administrative remedy forms, and refused all court access. Thus, Defendants' conduct deterred Holt from exercising his First Amendment (cont'd on attached)

Supporting Facts: 28 CFR § 541.26(d) provides for the ability of an inmate to "submit a formal grievance challenging your placement in the SHU through the Administrative Remedy Program, 28 CFR Part 542, Subpart B". 28 CFR § 541.26(o) provides for the ability of an inmate to "submit a formal grievance challenging any aspect (cont'd on attached).

## VI.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

Defendants intentional conduct has deprived Holt of his rights that are guaranteed by the U.S. Constitution; obstructed his abilty to litigate; and recklessly caused him to be physically and mentally injured.

## VII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

Holt requests judgment to be entered in his favor and an order and judgment declaring: (cont'd on attached).

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___Glenville  WV___ on ___10-15-19___ .
    (Location)            (Date)

_____
Your Signature

<u>Page 7 Cont'd</u> (Defendants Names): in his personal and official capacity; JOHN DOE #2 (Known as Acting Captain J. Squires) in his personal and official capacity; JOHN DOE #3 (Known as Lieutenant Rodriguez) in his personal and official capacity.